UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL A. THORPE,<br><br>    Plaintiff,<br><br> v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CASE NO. 3:24-cv-05637-MJP<br><br>SECOND ORDER DENYING EXTENSION |

**INTRODUCTION**

This matter comes before the Court on the Parties' Renewed Stipulated Motion and Order to Extend Deadline and Set Briefing Schedule (Dkt. No. 22). Having reviewed the Motion and all other supporting materials, the Court DENIES the Motion.

**BACKGROUND**

The underlying dispute involves a constitutional challenge to 18 U.S.C. § 922(g)(9), which prohibits Plaintiff Michael Thorpe from possessing a firearm due to a previous domestic violence conviction. (See generally Complaint (Dkt. No. 1).) The current dispositive motion

deadline in this case is August 18, 2025. (See December 30, 2024, Case Scheduling Order (Dkt. No. 13).)

On July 24, 2025, the Parties moved the Court to extend the dispositive motion deadline by 11 days and set a briefing schedule for the anticipated cross-motions for summary judgment on the sole basis that "if Plaintiff files his motion for summary judgment at or before the dispositive motion deadline," it would create "scheduling conflicts on the part of defense counsel," the United States Attorney's Office. (Dkt. No. 20 at 1–2.) These conflicts included "deadlines in other cases," compounded by "staffing shortages at the U.S. Attorney's Office that prevent other AUSAs from assisting with the briefing in this case." (Id.) The Court denied the motion finding that Defendant's "staffing issues, on their own, are not good cause under Rule 16 as they are internal affairs which do not require the intervention of the Court," but invited the Parties to file a "renewed motion which addresses the Court's concerns and sets forth good cause for any requested deadline extension." (Dkt. No. 21.) The Parties have done so through the Renewed Motion (Dkt. No. 22), which the Court discusses below.

## ANALYSIS

A.  **Legal Standard**

Federal Rule of Civil Procedure 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); LCR 16(b)(6). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

**B.      No Good Cause**

In their Renewed Motion, the Parties seek the same relief based on the same information, albeit with more detail. The Parties allege that Defendant's defense will be lead one specific attorney, Tania Culbertson, an appellate attorney who has "prior experience handling Second Amendment issues," and is responsible for "draft[ing] the majority of the government's opposition to Plaintiff's motion for summary judgment and cross-motion for summary judgment, including the legal analysis." (Mot. at 2 (citing Declaration of Rebecca Cohen (Dkt. No. 23) ¶ 1.) Culbertson is "handling other matters on behalf of the United States," including a pair of answering briefs due to the Ninth Circuit between late August (United States v. Walji, 25-415) and early September (United States v. Garg, 24-5019), which would interfere with her ability to respond on behalf of the Government in this matter. (Id.) And despite the fact that "other AUSAs from the Civil Division . . . are handling some portions of the case," the Parties allege that Culbertson cannot be replaced by another AUSA attorney due to a federal hiring freeze and an "influx of new cases." (Id. at 3; Cohen Decl. ¶ 5.)

Separately, the Parties now claim that an extension is warranted as they are "awaiting the production of records pertaining to [Plaintiff]," from a third-party vendor. (Mot. at 2–3.) These records, they allege, "may be relevant to the motions" and have yet to be produced despite being first requested in May 2025. (Id.)

Due to these staffing and discovery issues, the Parties seek an 11-day extension to the dispositive motion deadline in this case along with a staggered briefing schedule for the Parties' anticipated cross-motions for summary judgment. (See generally, Mot.) Should both forms of relief be granted, Defendant's cross-motion and response brief would be due on September 19, 2025, over a month after the current dispositive motion deadline. The Parties do not discuss

whether Plaintiff needs the 11-day extension, perhaps due to Plaintiff having already moved once for summary judgment on his claims back in February 2025. (See Dkt. No. 14 (Plaintiff's motion for summary judgment); but see Dkt. No. 17 (notice of withdrawal regarding the same).) In essence, the Court views the Parties' combined requests as a month-long extension to Defendant's dispositive motion deadline.

On this record, the Court maintains that neither the AUSA's internal case management issues nor unspecified discovery issues constitute good cause to extend the dispositive motion deadline. As stated in its previous order, the Court does not consider staffing issues to constitute good cause under Rule 16. This is particularly true when those staffing issues appear to stem—at least in part—from a hiring freeze instituted by Defendant itself. Furthermore, the Parties fail to show why an attorney other than Culbertson could feasibly draft the bulk of Defendant's anticipated motion and response, or why the deadlines in this case—which have been known to the Parties since December 2024—should give way to those in Walji and Garg. The Court declines to disregard the good cause standard, even for an 11-day continuance.

The Court additionally finds there to be no good cause to extend the dispositive motion deadline in relation to the delayed production of records from a third-party vendor. First, the Court has previously informed the Parties that "failure to complete discovery within the time allowed is not recognized as good cause." (Dkt. No. 13 at 2.) Second, the Parties do not provide the Court with any information about what these records contain, how they are relevant to the motions, what efforts were taken to procure them prior to reaching out to the third-party vendor, why this outreach only took place late in the discovery process, and how or whether an extension would facilitate the production of documents. Third, the Court had previously granted a continuance in this matter for the sole purpose of "allow[ing] Defendant to conduct the discovery

necessary to respond" to Plaintiff's February 6, 2025, motion for summary judgment. (Dkt. No. 16 at 2.) And yet Defendant did not begin to seek these records until May, which undermines any claims that the outstanding records are grounds for an extension to the dispositive motion deadlines. In sum, the Court finds there to be no good cause to modify the case schedule due to the delayed production of records.

## CONCLUSION

Finding no good cause to do so, the Court declines to amend the case schedule and extend the dispositive motion deadline. The Motion is DENIED. The Court's denial is again without prejudice to a renewed motion, which the Parties may file on the condition that the asserted good cause for an extension does not relate to staffing and/or discovery issues.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 8, 2025.

Marsha J. Pechman
United States Senior District Judge